UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **CAROLYN SUE DOUTHIT** | * | **DOCKET NO. 06-1897** |
| **VERSUS** | * | |
| **MICHAEL J. ASTRUE,<br>COMMISSIONER, SOCIAL<br>SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For the reasons assigned below, the decision of the Commissioner is **REVERSED** and the matter **REMANDED** for further proceedings.

### Background & Procedural History

On May 13, 2004, Carolyn Sue Douthit filed the instant application for Disability Insurance Benefits under the Social Security Act. (Tr. 53-56). She alleged disability since June 15, 2003, due to degenerative disc disease. (Tr. 54, 77). The claim was denied at the initial stage of the administrative process. (Tr. 27, 42-45). Thereafter, Douthit requested, and received a December 28, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 268-276) However, in an August 14, 2006, written decision, the ALJ determined that Douthit was not disabled under the Act, finding at Step Four of the sequential evaluation process that she was able to return to her past relevant work as a cafeteria worker or substitute teacher. (Tr. 6-18). Douthit appealed the adverse decision to the Appeals Council. However, on September 26,

2006, the Appeals Council denied Douthit's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 2-4).

On October 18, 2006, Douthit sought review before this court. She alleges that the ALJ failed to consider her inability to reach, and thus the ALJ's residual functional capacity assessment is not supported by substantial evidence.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

**Determination of Disability**

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

>   (5)  If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See, Boyd v. Apfel, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Douthit suffered from severe impairments of degenerative disc disease of the cervical spine, mild degenerative disc disease of the lumbar spine, right knee osteochondral defect, history of right femur enchondroma, hypertension, nephropathy, and depression. (Tr. 14, 18). However, the ALJ concluded that these impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. Id.

The ALJ next determined that Douthit retained the residual functional capacity to perform the exertional demands of light work reduced by moderate limitations in her ability to respond appropriately to work pressures and changes in routine work setting. (Tr. 16, 18).[1]  Plaintiff

---

[1] Light work entails:

>    . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the

4

contends that the ALJ failed to properly consider limitations on her ability to reach and thus the ALJ's residual functional capacity is not supported by substantial evidence. Plaintiff's argument is well-taken.

The record fully supports the ALJ's determination that plaintiff suffers from multiple impairments including degenerative disc disease of the cervical and lumbar spine.[2] The question however, is how do these impairments affect plaintiff's residual functional capacity? The ALJ concluded that plaintiff retained the residual functional capacity for light work. The only record evidence to support this assessment is a physical residual functional capacity assessment form completed by a Disability Determination Examiner[3] that was ratified by a non-examining agency physician on September 2, 2004. (Tr. 29-36, 187-188). However, the non-examining agency physician did not have access to pain management clinic records which pre-dated the non-examining physician's ratification, but were not received by Disability Determination Services until some time in November 2004. (*See*, Tr. 199). Moreover, an ALJ may not rely on a non-

---

weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[2] *See e.g.*, May 4, 2004, MRI results. (Tr. 165).

[3] A Disability Determination Examiner ("DDE") is not a medical doctor, and her opinion is not considered an acceptable medical source statement or afforded the same weight as an opinion of a medical or psychological consultant of the state agency. 20 C.F.R. 404.1527(f) and 416.927(f). The opinion of the DDE can only be considered as lay evidence and is afforded little probative value. 20 C.F.R. 404.1513(d)(3) and 416.912(d)(3).

examining agency's physician's assessment when, as here, it is contradicted by findings of an examining physician(s).  *See*, discussion, *infra*.[4]

The ALJ also relied on MRI results and a physician's report from 2000 that precede plaintiff's alleged onset date by some three years.  Obviously, these medical records have little relevance to plaintiff's impairments and associated limitations during the pertinent period.  Rather, medical evidence from 2003 and beyond strongly suggests that plaintiff did not retain the exertional capacity for a full range of light work.  For example in a November 10, 2003, letter, plaintiff's treating physician, Thomas Ward, M.D., noted significant changes to her lumbosacral spine at the L4-5 and L5-S1 levels, and degenerative disc disease with evidence of disc bulge. (Tr. 141-142).  He recommended that she discontinue work and attempt to moderate her pain. (Tr. 141-142).   Ward noted that Douthit exhibited continuous involuntary muscle contractions in the cervical region.  *Id*.  He opined that she should keep objects that she is working on close to her center of gravity and as near to her body as possible.  *Id*.  She should further attempt to avoid flexing forward or working with her arms outstretched.  *Id*.[5]

Notes dated June 22, 2004, from the pain clinic indicate that plaintiff's primary complaints were  neck and back spasms and pain. (Tr. 201-202) Douthit had previous Botox injections which did not ameliorate her condition.  *Id*.  An MRI showed degenerative changes with bony spurs and disc protrusion at C5-6 on the left and also bony degeneration C4-7.  *Id*.  An

---

[4]  "[A]n ALJ may properly rely on a non-examining physician's assessment when ... those findings are based upon a careful evaluation of the medical evidence and *do not contradict those of the examining physician*." *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991)(quoting, *Villa v. Sullivan,* 895 F.2d 1019,1024 (5th Cir. 1990)) (emphasis added).

[5]  Although, a doctor's opinion that a claimant is "disabled" or "unable to work" is afforded no special significance under the regulations,  Dr. Ward's statement are probative because he imposed specific limitations.  *Contrast*, 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003)

MRI of the lumbar spine showed degenerative joint disease at L5-S1 and bulging disc at that level. *Id*. Douthit exhibited a good range of motion in her neck, but when she extended her neck, the pain went down her shoulder to her left arm. *Id*. Patrick's and Gaenlens tests were positive bilaterally. *Id*. She was unable to extend at the waist more than ten degrees secondary to pain. *Id*. The physician diagnosed cervical radiculitis, cervical spondylosis, lumbar spondylosis, probable facet joint disease of the lumbar spine, hypertension, and status post left breast cancer. *Id*.

A pain management clinic report from May 10, 2004, indicated complaints of neck and back spasms and pain. (Tr. 203-204). Her condition was essentially unchanged since her last visit on April 19, 2004. *Id*. She exhibited pain upon moving her neck which extended down into her back, shoulders, and to her left arm. *Id*. Notes from March 31, 2004, likewise indicated that plaintiff's pain was primarily in her neck. (Tr. 205-206). Her pain was aggravated by sitting or standing. *Id*. She had a positive straight leg raise at 50-55 degrees. *Id*.[6]

In sum, there is no valid medical assessment or other corroborating evidence, to support the ALJ's determination that plaintiff retained the residual functional capacity to perform the physical demands of light work.[7] Accordingly, the ALJ's residual functional capacity assessment is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557 -558 (5th Cir.

---

[6] The record contains letters written by other physicians. In a November 10, 2004, letter, Bryan Imamura, M.D., wrote that plaintiff had cervical disc problems in her neck that caused pain in her right arm. (Tr. 209). He recommended that she be considered for disability. *Id*. On November 11, 2004, Jack Sternberg wrote that Douthit was unable to do any heavy lifting with her left arm. (Tr. 210). James Hagan, M.D., wrote on November 22, 2004, that plaintiff should avoid lifting more than 15-20 pounds with her left arm. (Tr. 211).

[7] Douthit completed forms stating that she could not stand for long periods, or bend to reach things at lower shelves. (Tr. 65). She also could not lift heavy items because of back pain and lymph node surgery. *Id*. Reaching overhead caused her neck pain. (Tr. 66).

1995)(substantial evidence lacking where: no medical assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent with ALJ's assessment);*Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)(unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).

Because the foundation for the ALJ's Step Four and alternative Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the undersigned further finds that the ALJ's ultimate conclusion that plaintiff was not disabled, is likewise not supported by substantial evidence.

Thus, the question becomes whether this case should be remanded for reconsideration by the Commissioner upon a record to be amplified, or remanded for calculation of benefits. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See, Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits).

The unresolved question in this case is Douthit's residual functional capacity. While some treating physicians have suggested certain limitations, no physician has considered the cumulative effect of Douthit's impairments including any limitations from her right femur enchondroma, hypertension and nephropathy. The determinations at Steps Four and Five of the

8

sequential evaluation process are dependent upon the claimant's residual functional capacity. Accordingly, the court is unable to conclusively determine whether Douthit is entitled to benefits.

For the foregoing reasons,

The **Commissioner's decision is REVERSED, and the matter REMANDED for further proceedings in accordance with this opinion.**

THUS DONE AND SIGNED, in Monroe, Louisiana, on the 19th day of February, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE